[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16699

_____

Tax Court No. 10334-03

HUGH G. KING,
NORMA J. KING,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from the Decision of the
United States Tax Court

_____

(October 31, 2007)

Before MARCUS and PRYOR, Circuit Judges, and HANCOCK,* District Judge.

PER CURIAM:

_____

* Honorable James Hughes Hancock, United States District Judge for the Northern District of Alabama, sitting by designation.

At issue in this case is whether the United States Tax Court properly affirmed the tax deficiencies and penalties assessed against appellants, Hugh G. King, Norma J. King, and King's Appliances, Inc. ("the Kings"), for taxable years 1995-1998. After thorough review, we affirm.

I.

Hugh G. King and Norma J. King are Alabama residents who own, or once owned, a number of commercial properties and operate an appliance store in Dothan, Alabama ("King's Appliances, Inc."). Appellee, the Commissioner of Internal Revenue ("the Commissioner"), issued a notice of deficiency against the Kings on April 16, 2003, for income the Kings allegedly received, but did not report, during taxable years 1995-1998. According to the Commissioner, the Kings owe considerable sums in unpaid taxes both for income received from the appliance store and for the value of their two principal real estate investments, the South Oates Building and the Ross Clark Building.

The Kings elected to challenge this deficiency in the United States Tax Court in 2003. After a trial in 2006, that court ruled against the taxpayers on six of the seven primary issues in the case.[1] The Kings timely appealed to this Court raising three

_____

[1] On the issue of the adjusted basis for the Kings' South Oates Street Property, the Tax Court's final figure included $30,000 more than the Commissioner allowed. The Commissioner does not contest this finding on appeal.

principal objections to the Tax Court's ruling: first, they say that the Commissioner failed to issue a notice of deficiency against them before the expiration of the three-year statute of limitations; second, they contend that the Commissioner's tax deficiency assessment, and its affirmance by the Tax Court, was incorrect for taxable years 1995-1998; and, finally, they contest the Tax Court's imposition of an accuracy-related penalty on the grounds that they reasonably relied on the advice of tax professionals.

We review the Tax Court's factual findings for clear error. Blohm v. Comm'r, 994 F.2d 1542, 1548 (11th Cir. 1993). "A finding of fact is clearly erroneous 'if the record lacks substantial evidence to support it,'" Id. (citing Thelma C. Raley, Inc. v. Kleppe, 867 F.2d 1326, 1328 (11th Cir. 1989)), "such that our review of the entire record leaves us 'with the definite and firm conviction that a mistake has been committed.'" Id. (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A Tax Court's conclusions, however, with respect to the interpretation and application of the Tax Code present questions of law, which we review de novo. Id.; Feldman v. Comm'r, 20 F.3d 1128, 1132 (11th Cir. 1994).

II.

First, the Kings contend that the statute of limitations to assess taxes against them expired before the Commissioner issued the notice of deficiency on April 16,

2003. We are unpersuaded.

As a general matter, once a taxpayer has filed tax returns, the Commissioner has three years to assess taxes against that taxpayer. 26 U.S.C. § 6501(a).[2] However, if the Commissioner and the taxpayer consent in writing[3] to extend the statute of limitations before the three-year period expires, the tax may be assessed at any time prior to the expiration of the newly designated period. 26 U.S.C. § 6501(c)(4)(A).[4]

---

[2] That section provides as follows:

> Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. For purposes of this chapter, the term "return" means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit).

26 U.S.C. § 6501(a).

[3] This is accomplished by signing a consent form, entitled Tax Form 872.

[4] That section provides as follows:

> Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

26 U.S.C. § 6501(c)(4)(A).

Importantly, the fact that a taxpayer's name is signed to a document is "prima facie evidence for all purposes that the return, the statement, or other document was actually signed by him." 26 U.S.C. § 6064.

In this case, the three-year periods to assess taxes against the Kings expired on (1) October 15, 1999 for 1995; (2) October 20, 2000 for 1996; (3) October 19, 2001 for 1997; and (4) October 18, 2002 for 1998. It is undisputed that the Commissioner issued the notice of deficiency on April 16, 2003, which is later than those dates. However, the Tax Court found that the Commissioner's notice of deficiency was timely for two reasons. First, it determined that the Kings had signed thirteen Forms 872 prior to the expiration of the original statute of limitations. And second, the Tax Court found that the Commissioner's notice of deficiency was mailed to and received by the Kings prior to the expiration of the newly designated periods,[5] in accordance with 26 U.S.C. § 6501(c)(4)(A). The record amply supports the Tax Court's findings.

Next, the Kings contend that the Commissioner improperly calculated their income, cost of goods sold, deductions for depreciation in the South Oates and Ross Clark Buildings, deductions for water and soil expenses, and deductions for other expenses, for taxable years 1995-1998. Again, we are unpersuaded.

---

[5] The 13 Forms 872 extend the time to assess tax deficiencies against the Kings until December 31, 2003.

5

In suits before the Tax Court, the Commissioner's determination with respect to most alleged tax deficiencies is entitled to a presumption of correctness, and the taxpayer bears the burden of proving by a preponderance of the evidence that the determination is incorrect. Welsh v. Helvering, 290 U.S. 111, 115 (1933); Bone v. Comm'r, 324 F.3d at 1293. Before relying on this presumption, however, this Court must find that the record contains some evidence linking the taxpayer to an income-producing activity. Blohm, 994 F.2d at 1549. "Although a determination that is unsupported by such a foundation is clearly arbitrary and erroneous, the required showing is minimal." Id. (quotation marks omitted). In this case, the Commissioner has successfully established that the Kings were engaged in income-producing enterprises during the years in question. Therefore, the burden lies with the Kings to refute the Commissioner's determination. Plainly, the Kings have failed to meet this burden. For none of the years at issue have the Kings provided any evidence, aside from their own uncorroborated testimony, to verify their claims. As a result, the Tax Court affirmed the Commissioner's determination, and the record amply supports its judgment.

Finally, the Kings argue that they are not liable for the accuracy-related penalty, imposed despite their less than meticulous book-keeping, because they reasonably relied on the advice of their accountants and other tax professionals.

6

The Internal Revenue Code imposes a twenty-percent penalty on any underpayment of tax attributable to the taxpayer's "[n]egligence or disregard of rules and regulations," including "any failure to make a reasonable attempt to comply with" the Internal Revenue Code or any "careless, reckless, or intentional disregard" of the rules and regulations. 26 U.S.C. § 6662(b), (c). The Commissioner bears the "burden of production in any court proceeding with respect to liability for any penalty" imposed. 26 U.S.C. § 7491(c).[6] However, "determinations of negligence by the Commissioner are presumed to be correct," and "the taxpayers bear the burden of proving that the penalties are erroneous." Kikalos v. Comm'r, 434 F.3d 977, 986 (7th Cir. 2006); Neonatology Associates, P.A. v. Comm'r, 299 F.3d 221, 233 (3d Cir. 2002) ("[T]he Tax Court was justified in concluding as a matter of fact that the individual taxpayers were liable for the section 6662 accuracy-related penalties because they did not meet their burden of proving due care."). In this case, the Tax Court found that the Commissioner met his burden by establishing that the Kings kept inadequate records and used inadequate bookkeeping methods, that they overstated costs of goods sold and deductions, and that they understated gross receipts and

---

[6] That Section provides: "Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title. 26 U.S.C. § 7491(c)." 26 U.S.C. § 7491(c).

income. Moreover, the Kings provided no evidence to the contrary. The record amply supports the Tax Court's findings.

Nevertheless, the Kings argue that the penalty should not be imposed because they reasonably relied on the advice of their accountants and tax professionals. In support, the Kings point to 26 U.S.C. § 6664(c)(1), which states that "[n]o penalty shall be imposed under section 6662 or 6663 with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." Reliance on a tax advisor is not reasonable, however, where the taxpayer has failed to adequately disclose "all necessary information" affecting the tax evaluation. Ellwest Stereo Theatres of Memphis, Inc. v. Comm'r, 70 T.C.M. (CCH) 1655, 1660 (1995). The Kings bore the burden of demonstrating that they acted with "reasonable cause" and in "the absence of willful neglect." Id. at 1655.

The Tax Court determined that the Kings' reliance on their tax advisors was not reasonable and in good faith because they did not provide their accountants either with records of their layaway payments or with any supporting documentation concerning their sales, purchases, and expenses for the years in question. The record

8

supports the imposition of the twenty-percent penalty.[7]

**AFFIRMED**.

---

[7] In the alternative, the Kings contend that they are not liable for the accuracy-related penalty because they used the same record-keeping practices in 1995-1997 that were approved by the Commissioner in a 1969 no-change letter. However, the Kings failed to offer in evidence the no-change letter they describe. As a result, the Tax Court lacked the opportunity to determine whether, in fact, the letter approved of the specific record-keeping practices the Kings employed during the years in question.